UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR. (#90331)                CIVIL ACTION

VERSUS

PERCY DIXON, ET AL.                                  NO. 12-0658-JJB-MJU

RULING

This matter is before the Court on the Order directing the plaintiff to pay, within twenty-one (21) days, the full amount of the Court's filing fee. Rec.doc.no. 6.

On November 2, 2012, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court ordered the plaintiff to pay, within 21 days, the full amount of the Court's filing fee. Rec.doc.no. 6. The plaintiff was placed on notice that a failure to comply with the Court's Order within the time allowed "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception not here applicable, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Specifically, the statute states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee.[2] A review of the record now reflects that the plaintiff has failed to comply with the Court's Order in this regard. Accordingly, this action shall be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 30th day of November, 2012.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[1] Cases filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, Preston George Demouchet, Jr. v. Ronald Bonvillian, et al., Civil Action No. 96-7332-FJP-SCR (M.D., La.), Preston George Demouchet, Jr. v. Bernard E. Boudreaux, et al., Civil Action No. 98-1063-RFD-MEM (W.D., La.), and Preston George Demouchette, Jr. v. Richard L. Stalder, et al., Civil Action No. 99-0419-TLM-PAT (W.D. La.).

[2] The Court has previously concluded that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.